**BAO LAW GROUP, PC**
Jeffrey Bao, Esq. (SBN 307346)
jeff@baolawgroup.com
1250 E. Acacia Street
Ontario, California 91761
Phone:  626.598.6570

Attorney for Plaintiff
**TAPPAN ZEE**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAPPAN ZEE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SAN GABRIEL, SAN GABRIEL POLICE DEPARTMENT, STEVEN GAONA, ROBERT BARADA, MATTHEW ARAIZA, JOSEPH CHEN,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br><br><br>JURY TRIAL REQUESTED |

Plaintiff Tappan Zee ("Plaintiff" or "Zee") alleges and complains as follows:

## **GENERAL ALLEGATIONS**

1.　Pursuant to 25 U.S.C. §1331 and 28 U.S.C. §§ 1342(3) and (4), et seq., jurisdiction is proper in the United States District Court for the Central District of California.

2.　This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367(a).

3.　Plaintiff has complied with Government Code §§ 800 et seq.

**PARTIES**

4.      Plaintiff is an individual residing in Las Vegas, Nevada and the owner of real property located at 348 Bridge Street, San Gabriel, California 91775 ("Subject Property").

5.      At all times relevant to this complaint, Defendant City of San Gabriel ("COSG"), was a municipal corporation in the County of Los Angeles, operating Defendant San Gabriel Police Department ("SGPD") and employing the individual defendant officers and employees, who were acting within the scope of their employment.

6.      Defendant Steve Gaona was and is an officer of Defendant SGPD and an employee of Defendant COSG.

7.      Defendant Robert Barada was and is an officer of Defendant SGPD and an employee of Defendant COSG.

8.      Defendant Matthew Araiza was and is an employee of Defendant COSG.

9.      Defendant Joseph Chen was and is an employee of Defendant COSG.

**FACTS**

10.      Plaintiff is a resident of Las Vegas, Nevada and the owner of the real property located at 348 Bridge Street, San Gabriel, California 91775 ("Subject Property").

11.      Plaintiff had leased out the Subject Property to third-party tenants.

12.      Unbeknownst to Plaintiff, the third-party tenants were allegedly growing cannabis at the Subject Property.

13.      On March 9, 2021, Defendant SGPD executed a search warrant on the Subject Property and seized any and all cannabis plants and cannabis cultivation related equipment and supplies.  It is undisputed that Plaintiff had no involvement with, or knowledge of, this alleged cannabis grow operation.

14.     While executing said warrant, Defendant Officer Steve Gaona requested and/or otherwise, caused SCE to disconnect the electrical power to the Subject Property. Defendant Officer Steve Gaona caused the electrical power to the Subject Property to be disconnected without any notice to Plaintiff.

15.     At all times relevant, Southern California Edition ("SCE") had a policy that stated: "When a customer's service has been terminated because of a request from a public authority, service will not be restored until SCE has received authorization to restore service from the appropriate public authority.  It is the customer's responsibility to resolve the matter with the public authority."

16.     On March 10, 2021, Plaintiff received a telephone call advising that Defendant San Gabriel Police Department's ("SGPD") had searched the Subject Property. In response, Plaintiff went that morning to visit the Subject Property.

17.     After finding no one on the Subject Property, Plaintiff left the Subject Property and was en route to Defendant SGPD for additional information.

18.     On the way to Defendant SGPD, Defendants Officer Steve Gaona ("Gaona") and Robert Barada ("Barada") (collectively "Officer Defendants") pulled Plaintiff over on West Las Tunas Drive, San Gabriel, CA.

19.     To the Officer Defendants, Plaintiff immediately identified himself as the owner of the Subject Property and a former reserve deputy with the County of Los Angeles Sheriff's Department.

20.     Officer Defendants asked for Plaintiff's identification and Plaintiff complied.

21.     Officer Defendants then requested Plaintiff to step outside of his vehicle and Plaintiff complied.

22.     Officer Defendants then asked whether Plaintiff had any weapons and Plaintiff responded with "no."

23.     Officer Defendants then attempted to perform a "pat down" of Plaintiff and attempted to grab hold of Plaintiff and forcibly interlock Plaintiff's fingers.

24.     Plaintiff immediately protested this method of restraint for a "pat down" and responded with "whoa, what are you doing?"

25.     Defendant Gaona in response, immediately ordered that Plaintiff be placed in handcuffs, and Plaintiff was forcibly handcuffed.

26.     Plaintiff immediately continued to protest the use of force and being placed in handcuffs and asked Defendant Gaona if Plaintiff was being detained, to which, Defendant Gaona replied with "yes."

27.     Plaintiff again explained that he was the owner of the Subject Property and was heading to Defendant SGPD to inquire as to what had occurred at his property and that Defendant Gaona had no legal basis to detain Plaintiff.

28.     Plaintiff then requested that the handcuffs be removed and Officer Defendants refused.

29.     Plaintiff further explained that Officer Defendants were detaining Plaintiff without reasonable basis and demanded the handcuffs removed.

30.     Defendant Gaona then stated that he knew Plaintiff was the owner of the Subject Property and that he knew who the tenants were.

31.     In response, Plaintiff stated to Defendant Gaona that if he was aware that Plaintiff was the owner of the Subject Property, then clearly Defendant Gaona had no reasonable basis to believe that Plaintiff had committed a crime, was committing a crime, or was about to commit a crime.

32.     In response, Defendant Gaona stated that, "Plaintiff could be held liable for whatever his tenants did". Furthermore, Defendant Gaona ordered the handcuffs to remain on Plaintiff.

33.     In response, Plaintiff informed Defendant Gaona that Plaintiff was an attorney and that Plaintiff had never heard of such an interpretation of the law.

34.     During the unlawful detention, Plaintiff repeatedly told the Officer Defendants that they had no reason to suspect that Plaintiff had committed a crime, was in the process of committing a crime, or was about to commit a crime. Officer

Defendants had no reasonable suspicion to initiate a detention, much less an unwarranted search of Plaintiff.

35.     Immediately prior to the arrival of Officer Defendants' supervising officer, and unable to provide any reason for Plaintiff's detention and for Plaintiff to remain in handcuffs, Defendant Officer Defendants removed the handcuffs from Plaintiff.

36.     After the removal of the handcuffs, Plaintiff inquired whether he was free to go or if he was still being detained.  In response, Defendant Gaona stated Plaintiff was still being detained.

37.     During this further detention, the Officer Defendants stood in a manner that prevent Plaintiff from leaving and in fact, Plaintiff could not access his vehicle to leave.

38.     At one point, Defendant Barada shoved Plaintiff to prevent him from walking in the direction of his vehicle.

39.     Officer Defendants' supervising officer, Sargent C. Nolasco, then arrived onto the scene and she immediately advised her officers to release Plaintiff and informed Plaintiff that he was free to leave.

40.     After his wrongful detention and unlawful search, Plaintiff filed a "Complaints by Members of the Public" against Defendant Officer Gaona.

41.     On March 10, 2021, on the same date, but subsequent to Plaintiff filing his complaint against Defendant Officer Gaona, Defendant Officer Matthew Araiza ("Araiza"), with the San Gabriel Community Development Department, issued a Notice of Violation (Case No. NIS2021-0149) and posted a notice of such violation on the door of the Subject Property.

42.     Despite the fact that Defendant SGPD had already seized any and all cannabis plants and cannabis cultivation related equipment and that Defendant Araiza had never inspected the Subject Property, the Notice of Violation stated: "An inspection of the above address was conducted which revealed that those items indicated below do not confirm to City Code(s) and require corrective action."  The Notice of Violation list

the following as non-conforming: (1) Cannabis, (2) Permits Required, and (3) Zoning Violation.

43.      Plaintiff saw the posting of the Notice of Violation on the front door of the Subject Property that same day, on March 10, 2021, when Plaintiff returned in the late afternoon to post the required Notice of Belief of Abandonment pursuant to *California Civil Code Section 1951.3*. The posting of the Notice of Violation was not on the front door of the Subject Property earlier that morning, prior to Plaintiff filing his complaint against Officer Gaona.

44.      On March 10, 2021, Defendant Araiza e-mailed Plaintiff to state that the Notice of Violation pertained to the Subject Property being used as a cannabis grow house which is in violation of the San Gabriel Municipal Code.

45.      On March 29, 2021, Plaintiff took possession of the Subject Property upon the expiration of the notice period set forth in *California Civil Code Section 1951.3*.

46.      The electrical power at the Subject Property was not on, so on or March 30, 2021, Plaintiff hired an electrician to inspect the electrical panel and found no issues.

47.      On March 30, 2021, Defendant Araiza telephoned Plaintiff to inquire as to the state of the Subject Property. Plaintiff advised that the property was cluttered with debris, but that there was no apparent structural, electrical or mechanical damage. Defendant Araiza stated that no one from the COSG was currently working at City Hall, and that he was going on vacation and would follow-up when he returned.

48.      On April 15, 2021, after many calls to SCE to restore electrical service, Plaintiff learned that the Defendant Gaona had caused a hold on electrical service to the Subject Property and that SCE could not restore electrical service without a release from the COSG.

49.      On the same date, Plaintiff requested that Defendant Araiza release the hold on electricity to the Subject Property. Defendant Araiza refused citing "uninhabitable conditions along with health & safety concerns."

50.     On the same date, Plaintiff requested that Defendant Araiza describe the "uninhabitable conditions along with health & safety concerns" and without specificity, Defendant Araiza stated "we have reason to believe there are potential or even imminent safety concerns throughout the structure."

51.     On April 16, 2021, Plaintiff made another request for Defendant Araiza to release the hold on electricity to the Subject Property and gave notice that he would seek legal action to restore power to his property.  Defendant Araiza again refused and again failed to provide any factual basis to substantiate the continuing termination of electrical service.

52.     On April 26, 2021, at the Subject Property, Plaintiff's property manager met with SCE employee Ed Cervantes who inspected and verified that the electrical meter and panel were in good working order and placed an electric meter security seal wire to prevent any tampering. Furthermore, SCE employee Cervantes stated that even though he found no issues with the electrical panel and meter, SCE could not restore power until Defendant COSG released its hold on electrical service.

53.     On May 10, 2021, under an inspection warrant obtained and executed without any notice to Plaintiff, Defendant Araiza along with an unknown SGPD officer entered the Subject Property.  On information and belief, the unknown SGPD officer was investigating whether or not Plaintiff was involved growing cannabis at the Subject Property.  Based upon this inspection, Defendant Araiza issued a Final Notice of Violation (Case No. NIS2021-0149) citing an "electrical" violation.  On information and belief, Plaintiff contends that no electrical violation exists because (1) the hired electrician already inspected the electrical meter and panel and cleared it for use, (2) the SCE had already inspected the electrical meter and panel on April 26, 2021 and cleared it for use, and (2) Defendant Araiza could not have even inspected the interior of the electrical meter and panel because SCE had already provided a security seal wire to prevent any tampering.

54.     Furthermore, based upon that inspection, Defendant Araiza issued a second Notice of Violation (Case No. NIS2021-0269). The Second Notice of Violation list the following as non-conforming: (1) Mechanical, (2) Green Pool, (3) Trellis Patio, and (4) Free Standing Pagoda.  On this second Notice of Violation, Defendant Araiza cited a "mechanical" violation because of an "unpermitted ventilation system".   On information and belief, Plaintiff contends that no "mechanical" violation exists because no unpermitted ventilation system exists or had ever existed.

55.     Without addressing the merits of the "green pool" and "free standing pagoda" violations, Plaintiff had the pool cleaned and had the free-standing pagoda removed.

56.     On May 19, 2021, Plaintiff reached out to Defendant COSG for more information as to the other violations.

57.     On May 21, 2021, San Gabriel Building Official Defendant Joseph Chen ("Chen"), Defendant Araiza's supervisor, responded that Plaintiff needed to obtain a building, mechanical, and electrical permit without further information.  Defendant COSG took the position that no electrical power will be restored to the Subject Property until Plaintiff applied for permits, including a permit for a portable generator, to test each and every circuit and test all mechanical systems.

58.     After Plaintiff retain experts and legal counsel, on June 2, 2021, Defendant COSG finally provided some information to attempt to substantiate its electrical and mechanical violation claims.  Namely, Defendant COSG provided photos taken during the execution of the search warrant on March 9, 2021. These photos showed fans and grow lights.  Additionally, Defendant COSG provided that it was concerned with "how these observations [unpermitted ventilation system and wiring related to a grow operation] were integrated into the electrical circuits and mechanical systems, and how they were removed."

59.     The photos provided by COSG of the fans and grow lights clearly showed fans and lights that were free-standing and plugged into simple electrical outlets.

Presumably, the SGPD officers executing the search warrant removed these fans and lights during the execution of their search warrant on March 9, 2021 - by unplugging these devices from the electrical receptables and carrying the items away.

60.     On June 4, 2021, because Defendant COSG provided such limited information as to the violations, Plaintiff submitted a request for documents through California Public Records Act.  As of the date of this action, Defendant COSG has not provided any additional documents related to the Subject Property and the alleged violations in defiance of their obligations set forth in the California Public Records Act. Without said information, Plaintiff is unable to determine whether a violation actually exists.

61.     On June 10, 2021, Plaintiff clearly set forth to Defendant COSG that the cannabis cultivation equipment – fans and lights as set forth in Defendant COSG's photos - were standalone devices that were independent of the Subject Property, plugged into outlets, and were removed by Defendant SGPD.

62.     Despite the fact that no cannabis cultivation equipment was actually integrated with the Subject Property's mechanical or electrical systems and that Defendant SGPD had already removed said equipment, Defendant COSG refused to close the notices of violation and continued to threatened to assess penalties and fines for "noncompliance."

63.     During this time, Plaintiff invited Defendants to the Subject Property several times to point out violations with reference to the electrical and mechanical systems and Defendants refused.  Defendants took the position that no power will restored unless absolute compliance with their demands regardless of the violation or non-violation.

64.     On June 22, 2021, Defendant COSG changed its position from alleging that there existed cannabis cultivation equipment integrated into the electrical and mechanical systems to an argument that a jumper bar may have previously been used to bypass the electrical meter of the Subject Property. Defendant COSG apparently

based this belief that a jumper bar may have been used on Defendant COSG's belief that jumper bars are ordinarily used in unregulated cannabis grow operations.

65.     On June 23, 2021, Plaintiff reiterated that SCE had already inspected the electrical meter and panel and found it to be in good working order.  In particular, SCE had found no jumper bar.  To evidence this, SCE placed a security seal wire to prevent further tamper/tinkering.

66.     Doubling down on its claim that there must be some electrical or mechanical issues at the Subject Property, but without any evidence of such, on July 6, 2021, Defendant Chen issued Administrative Citation Nos. AC4001 and AC4002.  In said citations, Defendant Chen also cited Plaintiff for issues with the "green pool" and "free-standing pagoda" which were previously addressed.

67.     On information and belief, Plaintiff contends that no violations exist or, as in the instance of the "green pool" allegation, had been already corrected.  Furthermore, on information and belief, Plaintiff contends that Defendants COSG issued the Notices of Violation and Administrative Citations to justify the unilateral and unlawful termination of power to the Subject Property regardless of whether or not violations existed at the Subject Property.  Furthermore, on information and belief, Plaintiff also contends that Defendants COSG issued the Notices of Violation and Administrative Citations to retaliate against Plaintiff for his complaint against Defendants Gaona and SGPD.

68.     The individual Defendants' conduct, set forth above, violated clearly established statutory and constitutional rights of which a reasonable person would have known. A reasonably competent police officer should know that it is unlawful to initiate a detention without reasonable suspicion, and that a warrantless search of a person is unlawful absent clearly articulable grounds. Additionally, a reasonably competent public official should know that a Notice of Violation may not issue absent first-hand percipient facts giving rise to such alleged violation.

69.     Defendants, and each of them, committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages from Defendants.

### FIRST CAUSE OF ACTION

(Civil Rights Action (42 U.S.C. § 1983) Unlawful Stop, Detention, and Search)

*(Against Defendants Steve Gaona, Robert Barada, San Gabriel Police Department, and City of San Gabriel)*

70.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by this reference.

71.     42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

72.     Plaintiff has a firmly established right under the Fourth Amendment to be free from unreasonable seizure.

73.     A detention without reasonable suspicion that a person has committed a crime violates the Fourth Amendment's prohibition on unreasonable searches and seizure.

74.     While a police officer may stop and briefly detain a person based on a reasonable suspicion of involvement in a crime, Plaintiff in this instance had committed no criminal or traffic offense when Officer Defendants initiated the stop.

75.     Officer Defendants knew that there were no basis for a stop and no basis to detain or search Plaintiff.

76.     Officer Defendants acted unreasonably in stopping Plaintiff's vehicle, searching Plaintiff and subjecting Plaintiff to a prolong detention while handcuffed.

77.     Defendants COSG and SGPD maintains a policy, custom, or practice of detaining and arresting individuals without reasonable suspicion. Pursuant to this policy, custom, or practice, Officer Defendants stopped, detained, and wrongfully arrested Plaintiff with no reason to suspect he was involved in a crime.

78.     The actions of the Officer Defendants deprived Plaintiff of his constitutional rights, the Officer Defendants acted under the color of state law; the training polices of Defendants SGPD and COSG were not adequate to train its officers to handle the usual and reoccurring situations with which they must deal; Defendants SGHP and COSG were deliberately indifferent to the obvious consequences of its failure to train its officers and employees adequately; and Defendant SGPD and COSG's failure to provide adequate training caused the deprivation of Plaintiff's rights.

79.     Furthermore, Officer Defendants had final policymaking authority from Defendants SGPD and COSG concerning Officer Defendants detention, arrest, and search of Plaintiff.  In other words, Defendants SGPD and COSG made a deliberate choice to approve Officer Defendants' and basis for it.

80.     The individual Defendants' conduct, set forth above, violated clearly established statutory and constitutional rights of which a reasonable person would have known.

81.     As a result of Defendants' actions, Plaintiff suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
(Civil Rights Action (42 U.S.C. § 1983) Unlawful Search)

*(Against Defendants Matthew Araiza, Joseph Chen, San Gabriel Police Department, and City of San Gabriel)*

82.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by this reference.

83.     Plaintiff has a firmly established right under the Fourth Amendment to be free from unlawful searches of his property.

84.     A search without a warrant for probable cause or other justification violates the Fourth Amendment prohibition on unreasonable searches and seizure.

85.     Under an inspection warrant, Defendant Araiza and an unknown officer of Defendant SGPD conducted a search of the Subject Property.

86.     As to the search by the unknown SGPD officer, the search was unreasonable and unlawful because the warrant was not based upon probable cause or any other justification.  In fact, at the time of the inspection warrant, the unknown SGPD officer was aware, or should have been aware, that there was no search warrant and no cannabis or cannabis related equipment or supplies existed on the Subject Property.

87.     As to the search by the Defendant Araiza, the search was also unreasonable and unlawful because the warrant was not based upon probable cause or any other justification.  In fact, at the time of the inspection warrant, Defendant Araiza was aware, or should have been aware, that no cannabis or cannabis related equipment or supplies existed on the Subject Property.  On information and belief, Plaintiff contends that the affidavit used to obtain the inspection warrant was based on misrepresentations and had no support to justify the granting of the inspection warrant.  As such, the inspection warrant was unconstitutional.

88.     Additionally, Defendant Chen failed to prevent his subordinates from depriving Plaintiff of his right to be free from unreasonable searches and seizures. Defendant Chen acquiesced in the constitutional deprivation of Plaintiff's rights by knowingly permitting these violations by the actions of his subordinate, Defendant Araiza.

89.     Defendants COSG and SGPD maintains a policy, custom, or practice of searching individuals' private property for evidence of any suspected crime or violation without probable cause or other justification.  Pursuant to this policy, custom, or

practice, Defendants Araiza and Chen and the unknown officer of Defendant SGPD permitted the entry, entered, and searched the Subject Property.

90.      The actions of Defendants Araiza, Chen, and the unknown SGPD officer deprived Plaintiff of his constitutional rights. The Officer Defendants acted under the color of state law. The training polices of Defendants SGPD and COSG were not adequate to train its officers to handle the usual and reoccurring situations with which they must deal; Defendants SGHP and COSG were deliberately indifferent to the obvious consequences of its failure to train its officers and employees adequately; and Defendant SGPD and COSG's failure to provide adequate training caused the deprivation of Plaintiff's rights

91.      Furthermore, Defendants Araiza and Chen and the unknown SGDP officer had final policymaking authority from Defendants SGPD and COSG concerning the search of the Subject Property.  In other words, Defendants SGPD and COSG made a deliberate choice to approve Defendants Araiza's, Chen's, and the unknown SGPD officer's actions and basis for it.

92.      The individual Defendants' conduct, set forth above, violated clearly established statutory and constitutional rights of which a reasonable person would have known.

93.      As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

### THIRD CAUSE OF ACTION
(Civil Rights Action (42 U.S.C. § 1983) First Amendment Violation)

*(Against Defendants Steve Gaona, Robert Barada, San Gabriel Police Department, and City of San Gabriel)*

94.      Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by this reference.

95.     Plaintiff has a firmly established right under the First Amendment to free expression including verbally challenging police officers' actions.

96.     When verbally challenging Defendant Officers' use of force on a "pat down," Plaintiff was engaged in a constitutionally protected activity.

97.     Defendant Officers' actions in handcuffing Plaintiff and refusing to permit Plaintiff to leave, would chill a person of ordinary firmness from continuing to engage in the protected activity.

98.     Plaintiff's protected activity was a substantial or motivating factor in the Defendant Officers' actions.

99.     Defendants COSG and SGPD maintains a policy, custom, or practice of retaliating against persons who protests its actions and/or inactions. Pursuant to this policy, custom, or practice, Officer Defendants stopped, detained, and wrongfully arrested Plaintiff with no reason to suspect he was involved in a crime.

100.     The actions of the Officer Defendants deprived Plaintiff of his constitutional rights. The Officer Defendants acted under the color of state law. The training polices of Defendants SGPD and COSG were not adequate to train its officers to handle the usual and reoccurring situations with which they must deal; Defendants SGHP and COSG were deliberately indifferent to the obvious consequences of its failure to train its officers and employees adequately; and Defendant SGPD and COSG's failure to provide adequate training caused the deprivation of Plaintiff's rights.

101.     Furthermore, the Officer Defendants had final policymaking authority from Defendants SGPD and COSG concerning Officer Defendants' detention, arrest, and search of Plaintiff.  In other words, Defendants SGPD and COSG made a deliberate choice to approve Defendant Gaona's actions and basis for it.

102.     The individual Defendants' conduct, set forth above, violated clearly established statutory and constitutional rights of which a reasonable person would have known.

103.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

## FOURTH CAUSE OF ACTION

(Civil Rights Action (42 U.S.C. § 1983) First Amendment Violation)

*(Against Defendants Matthew Araiza, Joseph Chen, San Gabriel Police Department, and City of San Gabriel)*

104.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by this reference.

105.     Plaintiff has a firmly established right under the First Amendment to freedom of expression and petition.

106.     When Plaintiff filed his written complaint as against Defendant Officer Gaona, and subsequently providing notice of litigation, Plaintiff was engaged in a constitutionally protected activity.

107.     Defendant Araiza's action of issuing Notices of Violation and pending fines for non-violation and/or technical violations that were often not enforced, excepted, and/or already abated would chill a person of ordinary firmness from continuing to engage in the protected activity.

108.     Defendant Chen's action of issuing Administrative Citations and accessing fines for non-violations and/or technical violations that were often not enforced, excepted, and/or already abated would chill a person of ordinary firmness from continuing to engage in the protected activity.

109.     Plaintiff's protected activity was a substantial or motivating factor in the Defendants Araiza's and Chen's action.

110.     Defendants COSG and SGPD maintains a policy, custom, or practice of retaliating against persons who protests its actions and/or inactions. Pursuant to this policy, custom, or practice, Defendants Araiza and Chen issued Notices of Violations

and Administration violations for violations that either do not exist and/or have already been addressed.

111.     The actions of Defendants Araiza and Chen deprived Plaintiff of his constitutional rights. Defendants Araiza and Chen acted under the color of state law. The training polices of Defendants SGPD and COSG were not adequate to train its officers and employees to handle the usual and reoccurring situations with which they must deal; Defendants SGPD and COSG were deliberately indifferent to the obvious consequences of its failure to train its officers and employees adequately; and Defendant SGPD and COSG's failure to provide adequate training caused the deprivation of Plaintiff's rights.

112.     Furthermore, Defendants Gaona, Araiza and Chen had final policymaking authority from Defendants SGPD and COSG concerning Defendant Gaona's request and/or cause to have SCE terminate utility services for the Subject Property.  In other words, Defendants Araiza and Chen made a deliberate choice to approve Defendant Gaona's actions and basis for it.

113.     The individual Defendants' conduct, set forth above, violated clearly established statutory and constitutional rights of which a reasonable person would have known.

114.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

## **FIFTH CAUSE OF ACTION**
### (Civil Rights Action (42 U.S.C. § 1983) Due Process Violation)

*(Against Defendants Steven Gaona, Matthew Araiza, Joseph Chen, San Gabriel Police Department, and City of San Gabriel)*

115.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by this reference.

116.     Plaintiff has a firmly established right under the Fifth and Fourteenth Amendment and Article I, § 7 of the California Constitution to due process.

117.     Under the right to due process, Defendants may not terminate utility services without providing constitutionally adequate notice and a hearing procedure prior to the termination, in order to afford reasonable assurance against erroneous or arbitrary withholding of essential services.

118.     Defendants provided Plaintiff with no notice and hearing prior to the termination of electrical service to the Subject Property.

119.     Defendants' actions were intentional in failing to protect and preserve Plaintiff's property right.

120.     This deprivation is continuing as of the date of this action.

121.     Defendants COSG and SGPD maintains a policy, custom, or practice of requesting and/or otherwise, causing SCE to disconnect the power to the residential properties without adequate notice and hearing for afford reasonable assurance against erroneous or arbitrary withholding of essential services. Pursuant to this policy, custom, or practice, Defendants Gaona, Araiza, and Chen terminated power to the Subject Property and continues to prevent SCE from restoring power to the Subject Property.

122.     The actions of Defendants Gaona, Araiza, and Chen deprived Plaintiff of his constitutional rights, Defendant Gaona, Araiza, and Chen acted under the color of state law; the training polices of Defendants SGPD and COSG were not adequate to train its employees to handle the usual and reoccurring situations with which they must deal; Defendants SGPD and COSG were deliberately indifferent to the obvious consequences of its failure to train its officers and employees adequately; and Defendants SGPH's and COSG's failure to provide adequate training caused the deprivation of Plaintiff's rights.

123.     Furthermore, Defendants Gaona, Araiza and Chen had final policymaking authority from Defendants SGPD and COSG concerning Defendant Gaona's request and/or cause to have SCE terminate utility services for the Subject Property.  In other words, Defendants SGPD and COSG made a deliberate choice to approve Defendant Gaona's, Araiza's, and Chen's actions and basis for it.

124.     The individual Defendants' conduct, set forth above, violated clearly established statutory and constitutional rights of which a reasonable person would have known.

125.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

## SIXTH CAUSE OF ACTION
(Nuisance)

*(Against Defendants Steve Gaona, Matthew Araiza, Joseph Chen, San Gabriel Police Department, and City of San Gabriel)*

126.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by this reference.

127.     Plaintiff is the owner of the Subject Property.

128.     Defendants Gaona, Araiza, and Chen, by causing the SCE to terminate electrical services and preventing SCE from restoring said services, created a condition and permitted a condition on the Subject Property that was an obstruction to the free use of the property, so as to interfere with the comfortable enjoyment of said property.

129.     Defendants Gaona's, Araiza's, and Chen's conduct was intentional.

130.     The termination of power services substantially interfered with Plaintiff's use and enjoyment of the Subject Property.

131.     An ordinary person would reasonably be annoyed or disturbed by Defendants Gaona's, Araiza's, and Chen's conduct.

132.     Plaintiff did not consent to the termination of power services.

133.     Plaintiff was harmed.

134.     Defendants Gaona's, Araiza's, and Chen's conduct was a substantial factor in causing Plaintiff's harm.

135.     Defendants COSG and SGPD maintains a policy, custom, or practice of requesting and/or otherwise, causing SCE to disconnect the power to the residential properties without adequate notice and hearing for afford reasonable assurance against

erroneous or arbitrary withholding of essential services. Pursuant to this policy, custom, or practice, Defendants Gaona, Araiza, and Chen terminated power to the Subject Property and continues to prevent SCE from restoring power to the Subject Property.

136.    The actions of Defendants Gaona, Araiza, and Chen deprived Plaintiff of his constitutional rights, Defendant Gaona, Araiza, and Chen acted under the color of state law; the training polices of Defendants SGPD and COSG were not adequate to train its employees to handle the usual and reoccurring situations with which they must deal; Defendants SGPD and COSG were deliberately indifferent to the obvious consequences of its failure to train its officers and employees adequately; and Defendants SGPH's and COSG's failure to provide adequate training caused the deprivation of Plaintiff's rights.

137.    Furthermore, Defendants Gaona, Araiza and Chen had final policymaking authority from Defendants SGPD and COSG concerning Defendant Gaona's request and/or cause to have SCE terminate utility services for the Subject Property.  In other words, Defendants SGPD and COSG made a deliberate choice to approve Defendant Gaona's actions and basis for it.

138.    The individual Defendants' conduct, set forth above, violated clearly established statutory and constitutional rights of which a reasonable person would have known.

139.    As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
### (False Arrest)

*(Against Defendants Steve Gaona, Robert Barada, San Gabriel Police Department, and City of San Gabriel)*

140.    Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by this reference.

141.     Officer Defendants wrongfully detained and searched Plaintiff without a warrant.

142.     Plaintiff was harmed.

143.     Officer Defendants' conduct was a substantial factor in causing Plaintiff's harm.

144.     Defendants COSG and SGPD maintains a policy, custom, or practice of detaining and searching individuals without reasonable suspicion. Pursuant to this policy, custom, or practice, Officer Defendants stopped, detained, and wrongfully searched Plaintiff with no reason to suspect he was involved in a crime.

145.     The actions of the Officer Defendants deprived Plaintiff of his constitutional rights, the Officer Defendants acted under the color of state law; the training polices of Defendants SGPD and COSG were not adequate to train its officers to handle the usual and reoccurring situations with which they must deal; Defendants SGHP and COSG were deliberately indifferent to the obvious consequences of its failure to train its officers and employees adequately; and Defendant SGPD and COSG's failure to provide adequate training caused the deprivation of Plaintiff's rights.

146.     Furthermore, Officer Defendants had final policymaking authority from Defendants SGPD and COSG concerning Officer Defendants detention, arrest, and search of Plaintiff.  In other words, Defendants SGPD and COSG made a deliberate choice to approve Officer Defendants' and basis for it.

147.     The individual Defendants' conduct, set forth above, violated clearly established statutory and constitutional rights of which a reasonable person would have known.

148.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

///

## SEVENTH CAUSE OF ACTION
(Battery)

*(Against Defendants Steve Gaona, Robert Barada, San Gabriel Police Department, and City of San Gabriel)*

149.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by this reference.

150.     Officer Defendants made unwanted, aggressive, physical contact with Plaintiff with the intent to harm and offend him.

151.     Plaintiff did not consent to such contact.

152.     Plaintiff was harmed and offended by Officer Defendants' conduct.

153.     A reasonable person in Plaintiff's situation would have been offended by the Officer Defendants' conduct and uninvited physical contact.

154.     Defendants COSG and SGPD maintains a policy, custom, or practice of detaining and searching individuals without reasonable suspicion. Pursuant to this policy, custom, or practice, Officer Defendants stopped, detained, and wrongfully searched Plaintiff with no reason to suspect he was involved in a crime.

155.     The actions of the Officer Defendants deprived Plaintiff of his constitutional rights, the Officer Defendants acted under the color of state law; the training polices of Defendants SGPD and COSG were not adequate to train its officers to handle the usual and reoccurring situations with which they must deal; Defendants SGHP and COSG were deliberately indifferent to the obvious consequences of its failure to train its officers and employees adequately; and Defendant SGPD and COSG's failure to provide adequate training caused the deprivation of Plaintiff's rights.

156.     Furthermore, Officer Defendants had final policymaking authority from Defendants SGPD and COSG concerning Officer Defendants detention, arrest, and search of Plaintiff.  In other words, Defendants SGPD and COSG made a deliberate choice to approve Officer Defendants' and basis for it.

157.     The individual Defendants' conduct, set forth above, violated clearly established statutory and constitutional rights of which a reasonable person would have known.

158.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

## **SEVENTH CAUSE OF ACTION**
(Assault)

*(Against Defendants Steve Gaona, Robert Barada, San Gabriel Police Department, and City of San Gabriel)*

159.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by this reference.

160.     Officer Defendants' actions were intended to cause harmful and offensive contact.

161.     Plaintiff reasonably believed that he was about to be touched in a harmful and offensive manner.

162.     Officer Defendants appeared to Plaintiff that they were about to carry out the contact.

163.     Plaintiff did not consent to the conduct.

164.     Plaintiff was harmed.

165.     Officer Defendants' conduct was a substantial factor in causing Plaintiff's harm.

166.     Defendants COSG and SGPD maintains a policy, custom, or practice of detaining and searching individuals without reasonable suspicion. Pursuant to this policy, custom, or practice, Officer Defendants stopped, detained, and wrongfully searched Plaintiff with no reason to suspect he was involved in a crime.

167.     The actions of the Officer Defendants deprived Plaintiff of his constitutional rights, the Officer Defendants acted under the color of state law; the training polices of Defendants SGPD and COSG were not adequate to train its officers

to handle the usual and reoccurring situations with which they must deal; Defendants SGPD and COSG were deliberately indifferent to the obvious consequences of its failure to train its officers and employees adequately; and Defendant SGPD and COSG's failure to provide adequate training caused the deprivation of Plaintiff's rights.

168.     Furthermore, Officer Defendants had final policymaking authority from Defendants SGPD and COSG concerning Officer Defendants detention, arrest, and search of Plaintiff.   In other words, Defendants SGPD and COSG made a deliberate choice to approve Officer Defendants' and basis for it.

169.     The individual Defendants' conduct, set forth above, violated clearly established statutory and constitutional rights of which a reasonable person would have known.

170.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.   General and compensatory damages, including prejudgment interest, according to proof; and

2.   Nominal damages; and

3.   Special damages; and

4.   Restitution damages; and

5.   Punitive and exemplary damages; and

6.   Attorneys' fees and costs; and

7.   An affirmative injunction mandating that power be restored to the Subject Property; and

8.   An affirmative injunction mandating the elimination of retaliatory practices by Defendants in the future relating to protected speech activity

concerning political speech; and

9.  For such other and further relief as the Court may deem just and proper.

Dated: July 28, 2021                    By:  ___*/s/ Jeffrey Bao*_____
                                        Jeffrey Bao, Esq.
                                        Attorney for Plaintiff Tappan Zee